**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | |
| | **NO. 05-4182** |
| **PERTAINS TO:** | **SECTION "K"(2)** |
| **05-4181** | |
| **06-1885** | |
| **06-4024** | |
| **06-4389** | |
| **06-5771** | |
| **06-5786** | |
| **06-6099** | |
| **07-0206** | |
| **07-3500** | |
| **07-3612** | |
| **07-5023** | |
| **07-5040** | |
| **06-1850** | |

## ORDER

On May 7, 2008, Mr. Ashton O'Dwyer was reminded of the pendency of this Court's Order of April 21, 2008, finding Mr. O'Dwyer in contempt and requiring him to notify his clients of the contents of that Order as well as its previous Order (Doc. 11357) and to certify his compliance with both of those orders by June 1, 2008.

On May 9, 2008, the United States Court of Appeals for the Fifth Circuit dismissed the interlocutory appeal of plaintiffs in *Maureen O'Dwyer, et al. v. United States, et al.*, C.A. No. 05-4181 and affirmed this Court's dismissal of this suit against the United States of America, the State of Louisiana, City of New Orleans, Ray Nagin both individually and in his official capacity, Eddie Compass, both individually and in his official capacity as Chief of Police, Kimberly Williamson Butler, individually and in her official capacity as Clerk of Court for the Orleans Parish Criminal

District Court, Kathleen Blanco, both individually and in her official capacity as Governor of the State of Louisiana, Eddie Jordan, both individually and in his official capacity as District Attorney for the City of New Orleans, which  dismissal was entered by this Court on April 11, 2006.

On June 2, 2008 a "Supplemental Declaration of Ashton R. O'Dwyer, Jr. Made Under Penalty of Perjury Pursuant to the Provisions of 28 U.S.C. § 1746", in which Mr. O'Dwyer continues his baseless claims, underscored by the fact that the Court has been affirmed by the Fifth Circuit with respect to the dismissal of the State of Louisiana which dismissal was entered more than a year and three months before the State of Louisiana filed the Road Home suit.  Mr. O'Dwyer continues to openly defy two orders of this Court and refuses to inform his clients as ordered by the Court which is in clear violation of the Code of Professional Responsibility.  This conduct cannot be tolerated.  Moreover, if Mr. O'Dwyer is so impecunious that he cannot inform his clients, he should withdraw his representation.

While it is within the Court's purview to dismiss these suits for his contumacious conduct, the Court will refrain from doing so at the present time.  Nonetheless, some sanction is warranted. Accordingly,

**IT IS ORDERED** that the above-numbered suits shall be **STAYED** and **STATISTICALLY CLOSED** until such time as Mr. O'Dwyer complies with the aforementioned orders of the Court. The Court reserves its right to rule on any motion pending that has been fully briefed by all parties.

New Orleans, Louisiana, this __13th__ day of June, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

2